**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MELISSA NICESCHWANDER**                                **PLAINTIFF**

**V.**                      **CASE NO.: 3:13CV00167 JTR**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration**                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

       Plaintiff Melissa Niceschwander appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. For the following reasons, the decision of the Commissioner must be REMANDED.

**I.**        **Background**

       On January 3, 2011, Ms. Niceschwander filed for DIB and SSI, alleging disability beginning on October 1, 2008, due to asthma, chronic obstructive pulmonary disease ("COPD"), carpal tunnel syndrome, sleep disorder, lumbar issues, allergies, and chronic dry eyes. (Tr. 180) Ms. Niceschwander's claims were denied initially and upon reconsideration. At her request, an Administrative Law Judge ("ALJ") held a hearing on June 12, 2012, at which Ms. Niceschwander appeared with her attorney. (Tr. 23) During the hearing, the ALJ heard testimony from Ms. Niceschwander and a vocational expert ("VE"). (Tr. 23-37)

The ALJ issued a decision on June 20, 2012, finding that Ms. Niceschwander was not disabled under the Act. (Tr. 9-17) On May 24, 2013, the Appeals Council denied Ms. Niceschwander's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Ms. Niceschwander was forty years old at the time of the hearing. (Tr. 28) She was 5'7" tall and weighed approximately 307 pounds. (Tr. 27, 33) Ms. Niceschwander had an associate's degree in business management. (Tr. 28) She lived with her husband. (Tr. 29)

## II.     Decision of the Administrative Law Judge[1]

The ALJ found that Ms. Niceschwander had not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 11) And he found that Ms. Niceschwander had the following severe impairments: asthma, COPD, gastroesophageal reflux disease ("GERD"), carpal tunnel syndrome, sleep disorder, degenerative disc disease, allergies, chronic dry eyes, pain of the head and neck, pain in the feet, and

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g) (2005), 416.920(a)-(g) (2005).

obesity. (Tr. 11-12) The ALJ also found that Ms. Niceschwander did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1526, 416.926). (Tr. 12)

The ALJ determined that Ms. Niceschwander had the residual functional capacity ("RFC") to perform a reduced range of sedentary work. She could perform no overhead reaching with her dominant upper extremity, and could have no exposure to loud noise, extreme temperatures, humidity, and respiratory irritants. Ms. Niceschwander was limited to work where interpersonal contact was incidental to the work performed, but she could meet and greet the public, answer simple questions, accept payment, and make change. She could perform work with a maximum Specific Vocational Profile of four, with limited judgment. She would need little supervision for routine tasks, but detailed supervision for non-routine tasks. (Tr. 12-15)

Ms. Niceschwander could not perform her past relevant work. (Tr. 15-16) Using VE testimony, however, the ALJ determined Ms. Niceschwander could perform the jobs of receptionist and information clerk. (Tr. 16-17) Accordingly, the ALJ found that Ms. Niceschwander was not disabled. (Tr. 17)

### III. <u>Analysis</u>[2]

    A.    *Plaintiff's Arguments for Reversal*

Ms. Niceschwander claims the ALJ's decision was not supported by substantial evidence because: (1) the ALJ failed to acknowledge her alleged severe migraines; and (2) the ALJ failed to fully develop the record. (#10)

    B.    *Migraines*

In her disability application, Ms. Niceschwander did not list migraines or headaches as conditions limiting her ability to work. (Tr. 180) The records show, however, that she sought treatment for, and was assessed with, migraine headaches. (Tr. 412) Ms. Niceschwander also saw a neurologist with complaints of headaches. (Tr. 408) The neurologist assessed Ms. Niceschwander with chronic daily headaches with a prior history of intermittent migraines and prescribed medication. (Tr. 409)

At the administrative hearing, Ms. Niceschwander's attorney stated that Ms. Niceschwander's daily migraine headaches were one of her main problems. (Tr. 26-27) Ms. Niceschwander also testified to the severe limitations caused by her migraines. (Tr.

---

[2] In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

31-32) Despite the fact that the migraines were assessed and treated in the medical record, and were mentioned prominently at the administrative hearing, the ALJ never even mentioned migraines or headaches in his decision. (Tr. 9-17)

It is not possible to determine, from this record, whether Ms. Niceschwander's headaches evidenced greater limitations than found in the ALJ's RFC determination. Part of assessing RFC involves considering a claimant's subjective complaints. The ALJ did not consider Ms. Niceschwander's testimony regarding migraines. Without this consideration, both the ALJ's credibility assessment and RFC determination are incomplete. Without a complete RFC determination, the ALJ could not properly rely on the VE's testimony. See *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011) (VE testimony constitutes substantial evidence only when it is in response to a hypothetical that captures all the concrete consequences of a claimant's impairments). Accordingly, the Commissioner did not meet her burden, at step five, of identifying jobs that Ms. Niceschwander was capable of performing.

    C.    *Development of the Record*

Ms. Niceschwander argues that the ALJ failed to develop the record regarding her migraines. (#10) An ALJ has a duty to develop the record fairly and fully, independent of the claimant's burden to press his or her case. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (citation omitted). The duty to develop additional evidence arises only

when medical source evidence is inadequate to determine disability. *Hacker v. Barnhart*, 459 F.3d 934, 938 (8th Cir. 2006).

In this case, the medical source evidence is inadequate to determine the effect, if any, that Ms. Niceschwander's migraines would have on her RFC. On remand, the ALJ should request a medical source statement or send Ms. Niceschwander for a consultative examination to elicit evidence of any limitations caused by Ms. Niceschwander's migraines.

### IV.  Conclusion

After consideration of the record as a whole, the Court concludes that the ALJ erred by failing to consider Ms. Niceschwander's migraines. This failure calls into question the ALJ's RFC assessment and the vocational evidence. Without the vocational evidence, the Commissioner's decision is not supported by substantial evidence. Therefore, the Commissioner's decision is remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED, this 23rd day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE